**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------- X
                        :

KEVIN THOMPSON,
                        :        09 Civ. 3496 (BSJ)
            Petitioner,   :      S3 02 Cr. 1372 (BSJ)
        v.              :
                        :        **Order**
UNITED STATES OF AMERICA,   :
                        :
           Respondent.   :
--------------------------------- X

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/20/11

On April 7, 2009, Kevin Thompson ("Petitioner") submitted a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside or correct his sentence of 60 months' imprisonment for his conviction under 18 U.S.C. § 924(c), imposed consecutively to his sentence of 180 months' imprisonment for his conviction under 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). Petitioner asserts that the Court erred in making his 60-month sentence consecutive to, rather than concurrent with, his 180-month sentence. For the reasons set forth below, the Petition is DENIED.

**Background**

On February 6, 2003, a federal grand jury in this district returned a four count Superseding Indictment, S3 02 Cr. 1372 (BSJ) (the "Indictment") against Petitioner and four co-defendants. Petitioner was named in Counts One and Four of the

1

Indictment. Count One charged Petitioner with conspiring to distribute and possess, with the intent to distribute, 50 grams and more of cocaine base, in a form commonly known as "crack," with a total amount in excess of 1.5 kilograms, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). Count Four charged Petitioner with possessing and discharging a firearm during and in relation to the narcotics trafficking crime charged in Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and (2).

On October 27, 2004, Petitioner was convicted of Counts One and Four of the Indictment following a six-week jury trial. On February 28, 2006, Petitioner appeared before this Court for sentencing. After hearing from the Government and defense counsel regarding objections to the pre-sentence report, this Court determined that the applicable sentencing Guidelines range was 292 to 327 months' imprisonment, to be followed by a mandatory consecutive sentence of 60 months' imprisonment on Count Four, yielding a total range of 352 to 387 months' imprisonment. This Court noted that the defendant faced an overall mandatory minimum sentence of 180 months' imprisonment, based on the ten-year mandatory minimum term of imprisonment required by Count One, and the five-year consecutive term of imprisonment required by Count Four.

After hearing from defense counsel, Government, and the Petitioner himself, this Court found that a substantial downward variance from the applicable Guidelines range was appropriate based upon the factors enumerated in 18 U.S.C. § 3553(a). It proceeded to impose a sentence of 180 months' imprisonment on Count One, to be followed by a consecutive term of 60 months' imprisonment on Count Four, yielding a total term of 240 months' imprisonment.

On March 2, 2006, Petitioner filed a Notice of Appeal to the United States Court of Appeals for the Second Circuit. By mandate issued July 2, 2008, the Second Circuit affirmed Petitioner's conviction. See United States v. Thompson, 280 F. App'x 38 (2d Cir. 2008). The United States Supreme Court denied certiorari on October 6, 2008. See Thompson v. United States, 129 S. Ct. 330 (2008).

Petitioner filed the instant Motion on April 7, 2009. By order dated July 31st 2009, this Court ordered that it would hold the Motion in abeyance while the Government sought a writ of certiorari in United States v. Williams, 558 F.3d 166 (2009). By order dated March 28, 2011, this Court ordered that the Government respond to the Motion on or before April 29, 2011.

Petitioner submits two separate grounds for relief. First, Petitioner argues that this Court erred by imposing the 60-month sentence for Count Four consecutive to, rather than concurrently

with, the sentence imposed on Count One, based on the Second

Circuit's decisions in Williams, 558 F.3d at 166 and United

States v. Whitley, 529 F.3d 150 (2008). Second, Petitioner

contends that he received ineffective assistance of counsel at

sentencing because defense counsel failed to argue that the 60-

month sentence for Count Four should run concurrently to the

sentence imposed for Count One.

   The Government contends that each of Petitioner's

substantive claims is meritless. First, the Government argues

that the Court did not err by sentencing Petitioner to a

consecutive 60-month sentence in light of the United States

Supreme Court's interpretation of 18 U.S.C. § 924(c) in Abbott

v. United States, 131 S. Ct. 18 (2010). Second, the Government

contends that Petitioner's ineffective assistance of counsel

claim fails to satisfy the standard established by the Supreme

Court in Strickland v. Washington, 466 U.S. 668 (1984).

**DISCUSSION**

**1.    This Court Did Not Err in Imposing a Consecutive 60-
       Month Sentence for Petitioner's Conviction under 18
       U.S.C. § 924(c)**

   Petitioner asserts that the express language of 18 U.S.C. §

924(c)(1)(A) precludes the imposition of consecutive terms of

imprisonment for his convictions under 21 U.S.C. §§ 812,

841(a)(1), and 841(b)(1)(A), and 18 U.S.C. § 924(c)(1)(A). §

924(c)(1)(A) provides that "[e]xcept to the extent that a

greater minimum sentence is otherwise provided by this
subsection or by any other provision of law, any person who"
possess and discharges a firearm during and in relation to a
drug trafficking crime is to be sentenced to a term of
imprisonment of not less than seven years. Petitioner contends
that this provision creates an exception to the imposition of
consecutive sentences mandated by 18 U.S.C. § 924(c)(1)(D)(ii)[1]
by excluding consecutive sentences when a greater minimum
sentence is provided by another provision of law. Thus,
Petitioner asserts that this Court erred in imposing a
consecutive 60-month sentence for his conviction under 18 U.S.C.
§ 924(c)(1)(A) given his 180-month sentence for conviction under
21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A).

Petitioner's argument is premised on the Second Circuit's
decisions in United States v. Williams, 558 F.3d 166 (2009) and
United States v. Whitley, 529 F.3d 150 (2008). Williams and
Whitley held that a defendant facing sentencing under 18 U.S.C.
§ 924(c) is not subject to a consecutive mandatory minimum
penalty where he is otherwise subject to a higher mandatory

---

[1] Section 924(c)(1)(D)(iii) provides that "notwithstanding any
other provision of law...no term of imprisonment imposed on a
person under this subsection shall run concurrently with any
other term of imprisonment imposed on the person, including any
term of imprisonment imposed for the...drug trafficking crime
during which the firearm was used, carried, or possessed."

minimum penalty. See Williams, 558 F.3d at 169; see also
Whitley, 529 F.3d at 158.

It is true that under Williams and Whitley, this Court
would indeed have been required to sentence Petitioner
concurrently for his Section 924(c) conviction, because he faced
a ten-year mandatory minimum sentence for his conviction under
21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). However, the
Supreme Court subsequently abrogated Williams and Whitley in
Abbott v. United States, 131 S. Ct. 18 (2010). Abbott held
explicitly "that a defendant is subject to a mandatory,
consecutive sentence for a § 924(c) conviction, and is not
spared from that sentence by virtue of receiving a higher
mandatory minimum in a different count of conviction." 131 S.
Ct. at 23.

Thus, this Court did not err in imposing a consecutive 60-
month sentence for Petitioner's § 924(c) conviction. It was
obliged under the statue to impose a sentence of 60 months'
imprisonment pursuant to § 924(c) consecutive to the sentence
imposed for Petitioner's conviction in Count One.

## 2. Petitioner's Attorney Did Not Provide Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel,
Petitioner must satisfy the two-pronged test articulated by the
Supreme Court in Strickland v. Washington, 466 U.S. 688 (1984).

First, Petitioner must demonstrate that his "counsel's performance was deficient, that is, the attorney made errors so serious that the representation fell below an objective standard of reasonableness." Id. at 691-92. Second, Petitioner must show that there is a "reasonable probability" that, but for counsel's errors, the outcome of his sentencing proceeding would have been different. Id. at 694.

Petitioner submits that his defense counsel was constitutionally ineffective because: (1) his counsel failed to object to a statement in the pre-sentence report that Petitioner was subject to a mandatory 60 month sentence for his § 924(c) conviction that would run consecutive to his sentence for drug trafficking in Count One; and (2) his counsel failed to object to the imposition of such a consecutive sentence during the sentencing hearing.

Defense counsel's failure to object to the imposition of a consecutive term of imprisonment for the § 924(c) conviction was not constitutionally deficient because, at the time of sentencing, such an argument had not yet been adopted by the Second Circuit, and was contrary to existing law. Thomson's sentencing on February 28, 2006 predated the Second Circuit's decisions in Whitley and Williams by over two years. At that time, all United States Courts of Appeals who had considered the issue had rejected the argument that was ultimately adopted in

7

Whitley. See, e.g., United States v. Studifin, 240 F.3d 415, 423

(4th Cir. 2001) (requiring sentence for § 924(c) conviction to

be applied consecutively notwithstanding that the defendant was

subject to a longer mandatory minimum term of imprisonment on

other counts of conviction). Counsel is not constitutionally

ineffective for failing to either foresee changes in the law or

present an argument of first impression. Jameson v. Coughlin, 22

F.3d 427, 429 (2d Cir. 1994) (Sixth Amendment does not require

counsel "to foresee changes in the law, or present meritless

arguments before a court"); see also Alfano v. United States,

555 F.2d 1128, 1131 (2d Cir. 1977) (counsel's failure to raise

an issue at trial that was on appeal in a similar case, but one

of first impression in a circuit, does not constitute

ineffective assistance of counsel). Accordingly, Thompson's

attorney was not constitutionally ineffective for failing to

object to the imposition of a consecutive sentence prior to the

Second Circuit's decision in Whitley.

Even accepting Petitioner's argument that his counsel

unreasonably failed to object to the imposition of a concurrent

sentence for his § 924(c) conviction, Petitioner's Motion would

nevertheless remain defective under Strickland because he was

not prejudiced by this Court's imposition of a consecutive

sentence. Under the Supreme Court's decision in Abbott, this

Court correctly sentenced Petitioner as required by § 924(c).

Abbott v. United States, 131 S. Ct. 18 (2010). Accordingly, because this Court did not err in sentencing Petitioner to a consecutive sentence, Petitioner cannot satisfy Strickland's second prong, requiring a showing of prejudice.

### CONCLUSION

For the reasons set forth above, it is hereby ordered that Petitioner's Petition for a writ of habeas corpus to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is DENIED. As Petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253. Pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this Order would not be taken in good faith. The Clerk of the Court is directed to close this case.

SO ORDERED:

Barbara S. Jones

**Barbara S. Jones**

**UNITED STATES DISTRICT JUDGE**

New York, New York
June 20, 2011

9